UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JONES,                                                    Case No. 1:07-CV-1025

        Plaintiff,                                              Hon. Richard Alan Enslen

v.

GARY REED, *et al.*,

        Defendants.                                         **ORDER**
_____/

        Plaintiff has initiated the present action against the Honorable Gary Reed and Carmala Jean Freeman. The Court has granted Plaintiff's motion to proceed as a pauper in this matter. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon review, the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

        The following allegations are contained in Plaintiff's Complaint. Defendant Freeman petitioned the Calhoun County Circuit Court for a personal protection order against Plaintiff. The matter was heard by Defendant Reed, who granted Freeman's petition over Plaintiff's objections. Plaintiff asserts that Defendants have violated his First Amendment right to petition the government for redress

of grievances, as well as his right under state law to be free from the intentional infliction of emotional distress.

Plaintiff has failed to allege facts demonstrating that his First Amendment rights have been violated. While articulated as a First Amendment claim, it appears to the Court that Plaintiff is simply dissatisfied with the outcome reached by a state court on a matter of state law. Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

As for Plaintiff's state law claim for intentional infliction of emotional distress, the Court declines to exercise jurisdiction over such. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Taylor v. First of Am. Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Wojnicz v. Davis*, 2003 WL 21774162, at *3 (6th Cir. July 29, 2003) (same).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's federal law claim is **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claim is **DISMISSED WITHOUT PREJUDICE**.

DATED in Kalamazoo, MI:
March 24, 2008

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE